UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLENDA I. ENLOE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GREG RAIRDON DODGE, CHRYSLER, JEEP INC., et al.,<br><br>　　　　　Defendant. | Case No. C22-0628-JCC-SKV<br><br>REPORT AND RECOMMENDATION |

## I.　INTRODUCTION

Defendant Greg Rairdon Dodge, Chrysler, Jeep, Inc. filed a Motion to Compel Arbitration in this matter. Dkt. 15. While Plaintiff does not oppose Defendant Rairdon's Motion, *see* Dkt. 25, Defendant Northcoast Warranty Services, Inc. does to the extent the Motion seeks arbitration of Plaintiff's claims against it, *see* Dkt. 22. Defendant National Product Care Company ("NPCC") filed no response to the Motion. The Court, having considered Defendant Rairdon's Motion and all documents filed in support and opposition, herein finds that the Motion to Compel Arbitration, Dkt. 15, should be GRANTED as to Plaintiff's claims against Defendant Rairdon, but DENIED as to Plaintiff's claims against Defendants Northcoast and NPCC.

/ / /

REPORT AND RECOMMENDATION - 1

II. BACKGROUND

On February 3, 2022, Defendant Rairdon sold Plaintiff a 2022 Jeep Compass Trailhawk. Dkt. 17 ¶ 4. As part of the transaction, Plaintiff reviewed and signed, among other things, a vehicle buyer's order ("VBO") that included an arbitration agreement ("Arbitration Agreement"). *See* Dkt. 1-1 at 41; Dkt. 18 ¶¶ 5–10. She also entered into a Service Contract, for which Defendant NPCC was the obligor, *see* Dkt. 1-1 at ¶ 3.6, and two protection product guarantees, for which Defendant Northcoast was the obligor, *see id.* at ¶ 3.9.

The VBO's Arbitration Agreement provided that the parties "shall . . . have any dispute between [them] decided by arbitration rather than in court or by jury trial." Dkt. 1-1 at 41. It further provided:

> All disputes between the Parties . . . whether in contract, tort or otherwise - including the interpretation and scope of this clause, and the arbitrability of the claim or dispute, between you and us . . . , which arise out of or relate to this Agreement or any resulting transactions shall, at your or our election, be resolved by neutral, binding arbitration in accordance with the laws of the State of Washington . . . .

Dkt. 1-1 at 41.

On February 4, 2022, Plaintiff, through her daughter, asked that Defendant Rairdon revise the VBO by lowering the vehicle purchase price to reflect the advertised purchase price, and by cancelling certain additional contracts and services. Dkt. 1-1 ¶ 4.28; 44. Defendant Rairdon made some, but not all, of the requested changes. *See id.* at 47. Plaintiff then returned to Defendant Rairdon's location to review the revised VBO, which she signed. *Id.* at ¶ 4.29; 47. *See also* Dkt. 17 ¶ 8; Dkt. 18 ¶¶ 14–16. The revised VBO contained the same Arbitration Agreement as the original VBO. Dkt. 1-1 ¶ 5.3; 47. On February 16, 2022, Defendant Rairdon delivered the vehicle to a forwarding company for shipment to Plaintiff's home in Alaska. *See* Dkt. 17 ¶ 9.

1    On April 5, 2022, Plaintiff sued Defendants in Snohomish County Superior Court, alleging (among other things) that by failing to revise the VBO in accordance with her expectations, Defendant Rairdon behaved negligently, violated its duty of good faith and fair dealing, and violated the Washington Auto Dealers Act, chapter 46.70 RCW, and the Washington Consumer Protection Act, chapter 19.86 RCW. *See generally* Dkt. 1-1.  Plaintiff also alleged Defendants Rairdon, Northcoast, and NPCC were jointly and severally liable for Defendant Rairdon's conduct, *id.* at ¶ 6.31, and that Defendant NPCC, as the Service Contract obligor, failed to provide proper instruction and supervision to Defendant Rairdon, resulting in Defendant Rairdon's violations of vehicle service contract laws, *id.* at ¶ 6.22.  Plaintiff's Amended Complaint acknowledged the existence of the Arbitration Agreement. *Id.* at ¶¶ 5.1–5.3.  On May 9, 2022, Defendant Northcoast removed the case to this Court.  *See* Dkt. 1.

Subsequently, on June 30, 2022, Defendant Rairdon filed the present Motion, seeking to compel Plaintiff's claims to arbitration in accordance with the Arbitration Agreement.  *See* Dkt. 15.

### III.  DISCUSSION

Under Washington's Uniform Arbitration Act, chapter 7.04A RCW, courts address two issues when deciding whether to compel arbitration of claims:  (1) whether there is a valid arbitration agreement between the parties, and (2) whether the agreement encompasses the claims asserted.  *SVN Cornerstone LLC v. N. 807 Inc.*, No. 34692–7–III, 2017 WL 2259054, at *5 (Wash. Ct. App. May 23, 2017) (citing *Wiese v. Cach, LLC*, 189 Wn. App. 466, 474, 358 P.3d 1213 (2015)); *see also* RCW 7.04A.060(2) ("The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate.").

Plaintiff does not dispute the validity of the Arbitration Agreement, nor does she dispute the arbitrability of her claims. Indeed, she "has no objection to Defendant Rairdon's motion to compel arbitration." Dkt. 25 at 1. The Court should therefore compel Plaintiff's claims against Defendant Rairdon to arbitration. *See* RCW § 7.04A.070(1) ("On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement, the court shall order the parties to arbitrate if the refusing party does not appear or does not oppose the motion.").

Defendant Northcoast, however, opposes Defendant Rairdon's Motion to the extent the Motion pertains to Plaintiff's joint and several liability claim against Defendant Northcoast. Defendant Northcoast argues it should not be compelled to arbitrate with Plaintiff because it did not enter into the Arbitration Agreement, and asks the Court to stay the litigation of Plaintiff's claim against it pending the outcome of the arbitration. Dkt. 22 at 3–4.

"Arbitration is a matter of contract. Accordingly, parties cannot be compelled to arbitrate unless they agreed to do so." *Healy v. Seattle Rugby, LLC*, 15 Wn. App. 2d 539, 544, 476 P.3d 583 (2020) (citations omitted); *see also* RCW 7.04A.070(1) (providing that a court shall order parties to arbitrate upon "a showing [of] an agreement to arbitrate . . . ."). This means that an arbitration agreement generally only binds the parties to the agreement. *Satomi Owners Ass'n v. Satomi, LLC*, 167 Wn.2d 781, 810, 225 P.3d 213 (2009). That being said, a nonsignatory may be bound by an arbitration agreement through contract or agency principles, such as incorporation by reference, assumption, agency, and estoppel. *See id.* at 811 n.22 (citations omitted); *see also Raven Offshore Yacht, Shipping, LLP v. F.T. Holdings, LLC*, 199 Wn. App. 534, 541, 400 P.3d 347 (2017).

Here, it is undisputed that Defendant Northcoast is not a party to the Arbitration Agreement. Further, as Defendant Northcoast notes, while the protection product guarantees between Plaintiff and Defendant Northcoast include arbitration provisions, those provisions are limited to claims arising from or relating to the guaranteed products. Dkt. 22 at 3; *see also* Dkt. 23 at 8, 11. Plaintiff does not allege any such claims, and Defendant Rairdon has not moved to compel arbitration under either of the arbitration provisions in the protection product guarantees, meaning they are inapplicable to this dispute. Finally, there is no indication that contract or agency principles warrant compelling Defendant Northcoast to arbitrate under the Arbitration Agreement. Thus, Plaintiff's joint and several liability claim against Defendant Northcoast should not be sent to arbitration.

The same applies for Plaintiff's joint and several liability and vehicle service contract law claims against Defendant NPCC. While Defendant NPCC did not oppose Defendant Rairdon's Motion, it also did not sign the Arbitration Agreement. And while the Service Contract for which Defendant NPCC is the obligor contains an arbitration provision, that provision only applies to disputes arising from the Service Contract itself, such as those concerning the "Cost of, lack of or actual repair or replacement from a Breakdown," Dkt. 1-1 at 60—not to a dispute like this one in which a party alleges she was wrongfully made to accept the Service Contract by a party who is not Defendant NPCC. And as with the protection product guarantees' arbitration provisions, Defendant Rairdon has not moved to compel arbitration under the Service Contract's arbitration provision, making it inapplicable here.

Finally, nothing supports finding that Defendant NPCC should be compelled to arbitrate under contract or agency principles. Plaintiff's Amended Complaint alleges that Defendant NPCC "failed to provide proper instruction and supervision to its selling agent[,]" which resulted

REPORT AND RECOMMENDATION - 5

in the vehicle service contract violations at issue. Dkt. 1-1 ¶ 6.22. But for agency principles to justify compelling a nonsignatory to arbitrate claims, "(1) an arrangement must exist so that the signatory was acting on behalf of the other under usual agency principles in entering into the arbitration agreement, and (2) the same arrangement must be relevant to the facts giving rise to the cause of action." *SVN Cornerstone LLC*, 2017 WL 2259054, at *5 (citing *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 198 (3d Cir. 2001)). Here, there is no indication that Defendant Rairdon was acting on behalf of Defendant NPCC when entering into the Arbitration Agreement, as neither the original nor revised VBOs implicate or pertain to Defendant NPCC. Plaintiff's claims against Defendant NPCC should therefore not be sent to arbitration.

Under RCW 7.04A.070(6), "[i]f the court orders arbitration, the court shall on just terms stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to the arbitration is severable, the court may sever it and limit the stay to that claim." Because Plaintiff's claims against Defendants Northcoast and NPCC are not arbitrable under the Arbitration Agreement, the Court should sever them from its order compelling arbitration and stay proceedings as to those claims pending the outcome of Defendant Rairdon's arbitration with Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Court should compel Plaintiff's claims against Defendant Rairdon to arbitration, but sever and stay Plaintiff's claims against Defendants Northcoast and NPCC pending the outcome of the arbitration.

/ / /

/ / /

## V. OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **August 19, 2022**.

Dated this 4th day of August, 2022.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge